# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GHARRETT, #M38621, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| KIMBERLY BUTLER, and JOHN/JANE DOES, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 18−cv−958−NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David H. Gharrett, an inmate of the Illinois Department of Corrections currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Menard Correctional Center ("Menard"). In his Complaint, Plaintiff claims the defendants failed to protect him from a serious risk of harm at the hands of other inmates in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds the Complaint is subject to summary dismissal.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on February 19, 2015, Plaintiff's cellmate, Lason Elliot, informed him that they could no longer be cellmates. (Doc. 1, p. 2). Elliot told Plaintiff that if he did not leave the cell, he would be "'dealt' with by him and others from his gang." *Id.* That night, Plaintiff had a call pass to see the psychiatrist. *Id.* Elliot told Plaintiff that once he left, "he better not come back or something would be waiting for [him]." (Doc. 1, pp. 2-3). Plaintiff immediately began to fear for his safety. (Doc. 1, p. 3).

Officer John Doe came to get Plaintiff for his psychiatrist appointment, and on the way, Plaintiff told him about the threats Elliot had made. *Id.* Plaintiff also requested protective custody. *Id.* The officer told Plaintiff that he would look into it during Plaintiff's appointment, but after the appointment, the officer told Plaintiff that he could go back to his cell or go to segregation. *Id.* Plaintiff pleaded with him in fear for his life, but the officer once again told

2

Plaintiff that his choice was to be celled with Elliot or in segregation for refusing housing. *Id.*

Plaintiff chose to go to segregation to avoid Elliot, and after serving his time there, he immediately requested protective custody. *Id.* Plaintiff was transferred to the Protective Custody Unit to await approval of his request. *Id.* After about a week, Plaintiff was interviewed by officers John Doe and Jane Doe. *Id.* They advised him that his request for protective custody would be denied, despite the threats made by Elliot. *Id.* They advised Plaintiff that, despite the denial, they would make sure that he was not placed in a cell with any gang members. (Doc. 1, p. 4). Plaintiff was taken to a cell near where Elliot was housed and immediately noticed that the person in his new cell was a well-known gang member. *Id.* Plaintiff immediately advised Officer John Doe that he had been told that he would not be placed in a cell with a gang member, but Officer John Doe sent him back onto the gallery. *Id.* On the way to his cell, another gang member stated to him: "You know you can't go in that cell with my king brother . . . if you go in there your [*sic*] not coming out." *Id.*

Plaintiff once again left the gallery and advised Officer John Doe of the threat he received. *Id.* Officer John Doe placed Plaintiff into a holding cell and told him that he would look into the situation. *Id.* The officer later told Plaintiff that he would have to place Plaintiff in segregation if he refused to go to his cell. *Id.* Plaintiff requested protective custody but instead was transferred to segregation for refusing housing. *Id.* Upon his release from segregation, Plaintiff again requested protective custody and was transferred to the Protective Custody Unit to await approval. (Doc. 1, pp. 4-5). About a week later, Plaintiff was interviewed by officers John Doe and Jane Doe. (Doc. 1, p. 5). He told them about the threats he had received, but they denied his request for protective custody nonetheless. *Id.*

Plaintiff filed a grievance about the denial, and he was seen by the Administrative

Review Board a few weeks later. *Id.* Though he fully explained the situation, he was denied protective custody once again and released back into the general prison population. *Id.*

In October 2016, Plaintiff was placed in a cell with another gang member. *Id.* On November 21, 2016, Plaintiff was kicked in the back of the head by his cellmate, causing his head to strike the cell bars so hard that his eye socket broke and he was knocked out cold. *Id.*

When Plaintiff regained consciousness, his cellmate was holding him in a headlock. *Id.* An officer cuffed Plaintiff and his cellmate, and Plaintiff was transferred to the Health Care Unit. *Id.* Plaintiff was then transferred to an outside hospital. *Id.* He received treatment and spent approximately two weeks in Menard's Health Care Unit before he was sent back to the same cell house where he was attacked and had received the threats mentioned above. *Id.* A few days after he returned to the cell house, a cell house worker informed him that certain gang members were going to "[mess] him up" if Plaintiff came out of his cell. (Doc. 1, pp. 5-6). A few hours later, a note was passed to Plaintiff from an inmate who identified himself as a gang member. (Doc. 1, p. 6). The note indicated that the inmate was ordered to "handle the business" with Plaintiff and that Plaintiff should "move around if [he] knew what was best for [him]." *Id.* Plaintiff wrote letters to the gallery officer, the cell house sergeant, the cell house lieutenant, and the cell house major, advising them that he wanted protective custody because of the constant threats he was receiving. *Id.* Plaintiff was approved for protective custody. *Id.*

Plaintiff seeks monetary and permanent injunctive relief. (Doc. 1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

4

designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants failed to protect Plaintiff from serious risk of harm at the hands of other inmates in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be dismissed for failure to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

The Court need not delve deeply into the merits of Plaintiff's failure to protect claim, because he has failed to adequately associate any defendants with it. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Plaintiff brings this claim against John/Jane Does 1 through 8, but he fails to distinguish them from one another in his statement of claim. Without any clear way to determine which John or Jane Doe is which, these defendants, once identified, could not be considered to be on notice of the specific claims brought against them or be able to properly answer the Complaint. Count 1 will therefore be dismissed as against the John/Jane Doe defendants.

As to Defendant Butler, Plaintiff alleges that she failed to protect him "after Plaintiff notified officials of threats being made to him." (Doc. 1, p. 6). Butler may only be held individually liable for her own action (or inaction) in response to Plaintiff's requests for protection. She cannot be held vicariously liable for any constitutional violations committed by those under her supervision. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions). There is no indication that

Butler was personally aware of Plaintiff's plight, so Count 1 cannot proceed against her.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **JOHN/JANE DOES** and **BUTLER** are dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a failure to protect claim, within 28 days of the entry of this order (on or before **May 25, 2018**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted in this case.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-958-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.

Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the alleged failure to protect claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED**

to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: April 27, 2018**

                                                                                */s/ Nancy J. Rosenstengel*
                                                             **NANCY J. ROSENSTENGEL**
                                                             **United States District Judge**