IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID GHARRETT, #M38621, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−958−NJR |
| | ) | |
| KIMBERLY BUTLER, | ) | |
| JEANNETTE COWAN, | ) | |
| JOHN DOES 1-6, and | ) | |
| JANE DOE 7, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David H. Gharrett, an inmate of the Illinois Department of Corrections currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Menard Correctional Center ("Menard"). In his First Amended Complaint, Plaintiff claims the defendants failed to protect him from a serious risk of harm at the hands of other inmates in violation of the Eighth Amendment. (Doc. 7). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the First Amended Complaint and any supporting exhibits, the Court finds this case shall proceed.

## The First Amended Complaint

In his First Amended Complaint (Doc. 7), Plaintiff makes the following allegations: on February 19, 2015, Plaintiff's cellmate, Lason Elliot, told Plaintiff that if he did not leave the cell, he would be "'dealt' with by him and others from his gang." *Id.* That night, Elliot told Plaintiff that when he left, "he better not come back or something would be waiting on him." *Id.* Plaintiff immediately began to fear for his safety and life. *Id.* Officer John Doe 5 came to get Plaintiff for his psychiatrist appointment, and on the way, Plaintiff told him about the threats Elliot had made. *Id.* Plaintiff also requested protective custody. *Id.* The officer told Plaintiff that he would look into it during Plaintiff's appointment, but after the appointment, John Doe 4 and John Doe 5 told Plaintiff that he could go back to his cell or go to segregation. *Id.*

Plaintiff chose to go to segregation, and on the way, they encountered John Doe 3 who gave Plaintiff the same ultimatum after being informed of the situation. (Doc. 7, pp. 7-8). Plaintiff chose segregation, and after serving his time there, he immediately requested protective custody. (Doc. 7, p. 8). Plaintiff was transferred to the Protective Custody Unit to await approval of his request. *Id.* While he was waiting, he wrote multiple letters to Warden Butler, advising her of his fears for his life and safety because of Elliot's threats. *Id.*

After about a week, Plaintiff was interviewed by officer John Doe 1 and Jeannette

Cowan. *Id.* They advised him that his request for protective custody would be denied, despite the threats made by Elliot. *Id.* They advised Plaintiff that, despite the denial, they would make sure that he was not placed in a cell with any gang members. *Id.* Plaintiff was taken to a cell near where Elliot was housed and noticed that the person in his new cell was a gang member. (Doc. 7, pp. 8-9). Plaintiff immediately advised Officer John Doe 6 that he had been told that he would not be placed in a cell with a gang member, but John Doe 6 sent him back onto the gallery. (Doc. 7, p. 9). On the way to his cell, another gang member stated to him: "You know you can't go in there with my king brother . . . if you go in there your [*sic*] not coming out." *Id.*

Plaintiff once again advised John Doe 6 of the threat he received. *Id.* John Doe 6 placed Plaintiff into a holding cell and told him that he would look into it. *Id.* He later told Plaintiff that he would have to place him in segregation if he refused to go to his cell. *Id.* Plaintiff requested protective custody but instead was transferred to segregation for disobeying a direct order. *Id.* Upon his release from segregation, Plaintiff again requested protective custody and was transferred to the Protective Custody Unit to await approval. *Id.* About a week later, Plaintiff was interviewed by officers John Doe 2 and Jeannette Cowan. *Id.* He told them about the threats he had received from Elliot and the other gang members, but they denied his request for protective custody nonetheless. (Doc. 7, pp. 9-10). While he was waiting for approval, Plaintiff once again sent multiple letters to Butler seeking approval for protective custody and explaining his fears. (Doc. 7, p. 10). Plaintiff received a protective custody denial that was signed by Butler. *Id.*

Plaintiff filed a grievance about the denial and was seen by the Administrative Review Board a few weeks later. *Id.* Though he fully explained the situation to Jane Doe 7, he was denied protective custody once again and released back into the general prison population. *Id.* In October 2016, Plaintiff was placed in a cell with another gang member. *Id.* In November 2016,

Plaintiff was violently attacked by his cellmate. *Id.*

After the attack, Plaintiff was transferred to the Health Care Unit. (Doc. 7, p. 11). He was then transferred to an outside hospital. *Id.* He received treatment and spent approximately two weeks in Menard's Health Care Unit before he was sent back to the same cell house where he was attacked. *Id.* A few days after he returned to the cell house, a cell house worker informed Plaintiff that certain gang members were going to "[mess] him up" if Plaintiff came out of his cell. *Id.* A few hours later, a note was passed to Plaintiff from an inmate who identified himself as a gang member. *Id.* The note indicated that the inmate was ordered to "handle the business" with Plaintiff and that Plaintiff should go to protective custody to prevent it. *Id.* Plaintiff wrote letters to Butler and the internal affairs officers advising them of the constant threats and previous attack. *Id.* He also wrote to the cell house major and lieutenant explaining his situation. *Id.* Plaintiff was finally approved for protective custody. *Id.*

Plaintiff seeks declaratory, monetary, and permanent injunctive relief. (Doc. 7, p. 15).

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

>   **Count 1 –** Defendants failed to protect Plaintiff from serious risk of harm at the hands of other inmates in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 survives threshold review. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

"To adequately plead a failure-to-protect claim, a prisoner must allege that officials were subjectively aware of and disregarded an objectively serious risk of harm to the prisoner." *Cobian v. McLaughlin*, 717 F. App'x 605, 610 (7th Cir. 2017) (citing *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008)). Plaintiff has stated a claim under this standard against Butler, John Doe 1, John Doe 2, Jane Doe 7, and Jeannette Cowan.

As to John Does 3, 4, 5, and 6, Plaintiff has failed to adequately allege that these individuals, who gave Plaintiff the option to go to segregation when he requested protective custody, violated his Eighth Amendment rights. The actions of these defendants did not result in Plaintiff's alleged injuries, as he was only attacked after he was returned to the general population. Plaintiff also does not claim that these actions subjected him to an increased risk of harm. *See Thomas v. Illinois,* 697 F.3d 612, 614–16 (7th Cir. 2012) (explaining that "hazard, or probabilistic harm" could allow recovery). These defendants instead gave Plaintiff the option to escape the dangerous situation he was in by refusing housing and going to segregation, after which he was allowed to request protective custody and received a hearing on the issue.

Accordingly, Count 1 will proceed against Butler, John Doe 1, John Doe 2, Jane Doe 7, and Jeannette Cowan, and it will be dismissed without prejudice against John Does 3-6.

## Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against Defendants John Doe 1 and 2 and Jane Doe 7. These defendants must be identified with particularity, however, before service of the First Amended Complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have

the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Warden Butler is already named and shall be responsible for responding to discovery (formal or otherwise) aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of Defendants John Doe 1 and 2 and Jane Doe 7 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **BUTLER**, **JOHN DOES 1** and **2**, **JANE DOE 7**, and **COWAN** and is **DISMISSED** without prejudice against **JOHN DOES 3-6** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **JOHN DOES 3-6** are **DISMISSED** from this action for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **BUTLER**, **COWAN**, **JOHN DOES 1** and **2** (once identified), and **JANE DOE 7** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him or her, and the Court will require him or her to pay the full costs of formal service, to the extent authorized by the Federal Rules.

With respect to a defendant who cannot be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be kept only by the Clerk and shall not be maintained in the court file or disclosed.

Service shall not be made on **JOHN DOES 1** and **2** or **JANE DOE 7** until Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including developing a plan for discovery aimed at identifying the unknown defendants with particularity. Further, this entire matter shall be **REFERRED** to Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order may

result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 3, 2018**

**NANCY J. ROSENSTENGEL**
**United States District Judge**