IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID H. GHARRETT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:18-CV-958-NJR-MAB |
| KIMBERLY BUTLER, JEANNETTE COWAN, LIEUTENANT SPILLER, OFFICER DILLINGHAM, and SHERRY BENTON | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff David Gharrett's motions for counsel (Doc. 25) and two motions inquiring about the status of his request for counsel (Docs. 47, 52). For the reasons stated herein, Plaintiff's motions are denied.

"There is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). Determining whether to appoint counsel is a two-step inquiry. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The threshold inquiry is whether the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so. *Id*. Only if the threshold inquiry has been satisfied will the Court then consider the second prong, which is whether the plaintiff appears competent to litigate the case given its difficulty. *Id.*

Here, Plaintiff indicates that he "wrote multiple law firms" but "only a few have responded" (Doc. 25). Plaintiff did not provide the Court with the list of all the attorneys/law firms/legal organizations that he contacted, but he did attach letters from three attorneys declining to represent him. In one of those letters, the prospective attorney explicitly stated that her firm "do[es] not handle these types of matters" (Doc. 25, p. 2). A quick internet search of the other two attorneys who sent letters of declination to Plaintiff revealed that civil rights litigation is *not* one of the areas of practice that they focus on.[1] Plaintiff also did not provide any information as to how he found these three lawyers or that they have prior experience representing *pro se* prisoners. The Court does not believe that contacting attorneys whose practices focus on matters other than civil rights litigation constitutes a reasonable attempt to obtain counsel.

Even if Plaintiff had made the threshold showing that he made a reasonable attempt to obtain counsel, his motion would nevertheless be denied. In his motion, Plaintiff did not provide the Court with any information as to why the demands of litigating this case exceed his capabilities (*see* Doc. 25). In his motion for status, however, Plaintiff stated that he "lack education and is not "an experienced jailhouse lawyer" (Doc. 47). But almost all prisoners who are representing themselves are in the same (or at least

---

[1] The second letter was from Joseph Whyte at O'Connell, Tivin, Griffin, & Burns, LLC (Doc. 25, p. 3). A newspaper article indicates that Mr. Whyte's practice focused on toxic torts, environmental law, and products liability. Sky Chadde, *St. Louis Civil Litigation Attorney Appointed Circuit Court Judge*, ST. LOUIS POST-DISPATCH, MAY 8, 2018, *available at* https://www.stltoday.com/news/local/govt-and-politics/st-louis-civil-litigation-attorney-appointed-circuit-court-judge/article_45c60117-9e5c-5bb3-b6a9-a551fba17b9a.html (last visited on Sept. 18, 2019). The third letter was from Roger Lewis at Goldberg Kohn (Doc. 25, p. 4). His biography on his law firm's website indicates that his practice focused on complex commercial litigation. GOLDBERG KOHN, https://www.goldbergkohn.com/professionals-Roger-Lewis.html (last visited on Sept. 18, 2019).

similar) boat as Plaintiff—they have limited education and know little about the law. They would all benefit from having a lawyer, "but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The pool of attorneys this District draws from to represent *pro se* prisoners is relatively small. Thus the Court is "in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Id.*

The only other reason Plaintiff gives for needing an attorney is that he has a mental disability (Doc. 47). However, he fails to explain the nature of his mental disability or why it would prevent him from coherently presenting his case. His filings thus far suggest that he is competent despite his mental-health problems.

For these reasons, Plaintiff's motions related to recruitment of counsel (Docs. 25, 47, 52) are **DENIED**. Should Plaintiff choose to renew his request for counsel, he should contact provide the Court with the names and addresses of at least three attorneys that he contacted who handle civil rights cases and who declined to take his case. Plaintiff should also include in his motion a statement as to why he believes recruitment of counsel is necessary in his case. The Clerk of Court is DIRECTED to mail Plaintiff a blank "Motion for Recruitment of Counsel,"

**IT IS SO ORDERED.**

**DATED: September 18, 2019**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**