IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID H. GHARRETT, #M-38621,            )
                                        )
    Plaintiff,                          )
                                        )
-vs-                                    )   Case No.: 18-958-NJR-MAB
                                        )
KIMBERLY BUTLER, et al.,                )
                                        )
    Defendants.                         )

## DECLARATION OF ANDREW SPILLER

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I was assigned to the Internal Affairs Unit in March 2011 as a correctional officer at Menard Correctional Center. I remained in this position until January 2015. In January 2015, I was assigned as the Intel Coordinator as a correctional officer. In March 2016 I was promoted to Sergeant and remained the Intel Coordinator. In August 2017, I was promoted to Lieutenant and still remained the Intelligence Coordinator. I am currently still a Lieutenant and the Intelligence Coordinator at Menard Correctional Center.

2. In performing my duties as an Intelligence Coordinator, I am able to recommend and request cell changes due to investigational needs. Additionally, I oversee the day to day operations of the Intelligence Unit. I monitor security threat group activity to try and identify any potential issues or offenders who are electing to hold leadership positions in security threat groups. I did not work in Placement and did not assign offenders to cell.

3. Inmates who request placement in protective custody must present evidence of a verifiable credible threat to their safety to obtain permanent placement in protective custody.

4. If I received information that an inmate's safety was being threatened, I would place them into investigative status while we investigated the threat.

5. According to records, on February 19, 2015, Plaintiff received a disciplinary report for 304: Insolence and 403: Disobeying A Direct Order. Per the disciplinary report authored on February 19, 2015 at 5:30 pm, Mr. Gharrett attended a mental health appointment in the cell house. After the appointment was finished, he told the issuing staff that he was not going back into his cell and "that we can go fuck ourselves." He was escorted to segregation, cell N2-6-23 until February 26, 2015. He moved to segregation cell N2-8-18 from February 26, 2015 until April 20, 2015. I was not personally involved in this incident.

6. According to the records, upon the conclusion of his segregation release, Mr. Gharrett requested protective custody and was moved to MRC-R-1-02. He remained there until he signed out of protective custody. I have no recollection, nor can I find any record of interviewing Mr. Gharrett during the ten (10) days he was in intake status in protective custody.

7. I have no record or recollection of requesting any specific cell move for Mr. Gharrett.

8. Based on Plaintiff's sign-in sheet to protective custody from July 2015, he stated "I checked into protective custody two months ago and then checked out thinking I would not be put with gang bangers and their own little rules. When I went to west house it was a gang banger in the cell. I talked to one of the other guys about this and asked if it would be a problem and he stated you already know "gator joe." I am now checking in again for my safety and also my charge is a murder charge but IDOC has me as a sex offender."

9. According to records on April 30, 2015, Mr. Gharrett was then moved to the West Cell House, cell W-8-05. On April 30, 2015, he received another disciplinary report for

Disobeying A Direct Order; per the disciplinary report he reported to cell W-8-05, observed the offender already in the cell and then told the officer "I'm refusing housing, I'm not going in there." Offender Gary Schuning, #R28196 was the offender who already resided in W-8-05.

10. According to records, on April 30, 2015, Mr. Gharrett was escorted to segregation, cell N2-4-13. He remained in segregation (cells N2-4-12 and N2-8-45) until June 30, 2015. Mr. Gharrett checked into protective custody and was moved to NL-2-18 and then to NL-2-24 (protective custody) on July 1, 2015. On July 1, 2015, Mr. Gharrett was interviewed by Intelligence Officer Dillingham. During the interview he made no mention of his previous cellmate, Lason Elliot. He was very vague and per the interview notes he became insolent and the interview was terminated. The committee voted to deny him, with which the warden agreed. Mr. Gharett grieved the decision and the Administrative Review Board confirmed the denial.

11. Mr. Gharrett was removed from protective custody kick-out area on August 14, 2015. He was removed to W-7-02 and lived there from August 14, 2015 until January 18, 2016. On January 18, 2016 he received a disciplinary report for 202: Damage or Misuse of Property, 210: Impairment of Surveillance, 308: Contraband, and 402: Health, Smoking, or Safety Violation. He pled guilty to the charges and was sentenced to 1-month segregation. He remained in segregation from January 18, 2016 through February 18, 2016.

12. After, Mr. Gharrett was released from segregation he returned to West cell house, W-7-18 until April 28, 2016. On April 28, 2016, he received a disciplinary report for 100: Violet Assault on Any Person – Inmate.

13. Mr. Gharrett returned to WCH on October 28, 2016, to cell W-10-22 which was already occupied by offender Aaron Mejia, #Y13071. On November 21, 2016, the offenders engaged in a physical altercation, interviews were conducted with the offenders. Originally both

offenders were issued disciplinary reports for fighting. Mr. Gharrett was expunged and offender Meija was found guilty of fighting. Mr. Gharrett resided in the Healthcare Unit from November 21, 2016 until December 7, 2016. On December 7, 2016, Mr. Gharrett moved back to the WCH, cell W-5-04 and remained there until December 12, 2016. Mr. Gharrett checked into protective custody and was approved after providing verifiable threats.

14. I have no record showing any Keep Separate From ("KSF") was declared between Mr. Gharrett and any other inmate while housed at Menard Correctional Center.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___10___ day of ___March___, 2020.

Andrew Spiller
Lieutenant