IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID H. GHARRETT, #M-38621, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No.: 18-958-NJR-MAB |
| | ) |
| KIMBERLY BUTLER, et al., | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF JEANNETTE COWAN

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.  I have been a Clinical Services Supervisor at Pinckneyville Correctional Center since November 1, 2017. I have been employed by the Illinois Department of Corrections in various capacities from 2000-2004 and 2008 through the present. In performing my duties as a Clinical Services Supervisor, I am able to review grievance office files, which is the office responsible for processing inmate grievances at the institutional level. I was the Correctional Casework Supervisor at Menard Correctional Center from March 2011 until January 2017. In performing my duties as Correctional Caseworker Supervisor, I was able to direct the case management services program, supervise delivery of counseling services as well as in-service training of counselors on the casework team, serve on various institutional committees, and reviews and ensures compliance of policies and procedures. At Menard, the grievance office I not under clinical services. Therefore, I did not review grievance office files. In performing my current duties as Clinical Services Supervisor, I am under the direction of the Assistant Warden of Programs. I am able to plan, coordinate, and direct the Clinical Service Program and

implement and establish correctional guidance and counseling treatment policies and procedures for the institution.

2. Inmates who request placement in protective custody must present evidence of a verifiable credible threat to their safety to obtain permanent placement in protective custody.

3. Inmates must provide information that can be investigated and verified to ensure that they are telling the truth about the threat made to them.

4. These measures are in place to ensure the safety of inmates already in protective custody.

5. An inmate's affiliation with a security threat group does not prevent the inmate from receiving protective custody.

6. On April 20, 2015, Plaintiff requested protective custody. Plaintiff was immediately placed in protective custody awaiting an interview for a final decision. On April 24, 2015, Plaintiff voluntarily signed out of protective custody stating "I no longer want PC." Plaintiff was released from protective custody on April 24, 2015.

7. On June 30, 2015, Plaintiff requested Protective Custody. Plaintiff was immediately placed in protective custody awaiting an interview for a final decision.

8. During an interview with David Gharrett, #M38621 he stated he did not want to be around gang members and all their rules. It is impossible to be completely isolated from gang members as gang members are placed in every housing unit of the facility. Inmate Gharrett was vague in his reasoning for requesting protective custody.

9. Further, Mr. Gharrett was assigned to the staff assaulter/weapons violator program. Besides segregation and protective custody, he could only be housed in West House 7 Gallery and West House 8 Gallery.

10. Plaintiff needed to provide specific information regarding the threat that was made to him, including who made the threat, how it was made, and what about the oral or written statement made Plaintiff afraid for his safety and wellbeing.

11. Plaintiff did not provide any specific information except that he did not want to be around gang members.

12. I recommended that Plaintiff's request for protective custody be denied in July 2015 because of the lack of a verifiable credible threat to his safety.

13. At the request of the Attorney General's Office, I have searched inmate offender 360 for records in regards to Inmate David Gharrett, #M38621. I was asked to look specifically for any protective custody request by this inmate. The records only show that Mr. Gharrett requested protective custody on April 20, 2015, June 30, 2015, and December 12, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _10th_ day of _March_, 2020.

_Jeannette Cowan_
Jeannette Cowan
Clinical Services Supervisor