IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID H. GHARRETT, #M-38621,    )
                                )
    Plaintiff,                 )
                                )
-vs-                            )   Case No.: 18-958-NJR-MAB
                                )
KIMBERLY BUTLER, et al.,        )
                                )
    Defendants.                )

## DECLARATION OF ANDREW DILLINGHAM

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I was assigned to the Intelligence Unit as a correctional officer at Menard Correctional Center from March 2014 until February 2015. In February 2015, I was promoted to Correctional Sergeant in the Intelligence Unit. I remained in this position until December 2015. In June 2016 until March 2017 I voluntarily demoted to Correctional Officer in the Intelligence Unit to receive a transfer to Vienna Correctional Center. I am currently a Corrections Senior Parole Agent – District 5 Marion Parole Office.

2. In performing my duties as an Intelligence Officer, I was responsible for gathering information and/or any threats which may pose a potential hazard to the safety and security of Menard Correctional Center. I was directly responsible for ensuring investigational statements were taken in accordance with Departmental Rules and if applicable, individuals advised of their Constitutional Rights. I was also directly responsible to cooperate with outside law enforcement agencies.

3. I was a Correctional Sergeant assigned to the intelligence unit in July 2015.

4. Inmates who request placement in protective custody must present evidence of a verifiable credible threat to their safety to obtain permanent placement in protective custody.

5. If I received information that an inmate's safety was being threatened, I would place them into investigative status while we investigated the threat.

6. According to records, on June 30, 2015, Plaintiff requested Protective Custody. Plaintiff was immediately placed in protective custody awaiting an interview for a final decision.

7. I interviewed Plaintiff on July 1, 2015 and he did not present me with enough information for me to verify the alleged threat to his safety.

8. Additionally, based upon Jeannette Cowan's interview and Plaintiff's statement he was not able to substantiate protective custody. Plaintiff was not able to produce any kites or letters that he received proving he was being threatened. Plaintiff stated he wanted to be placed in protective custody because he did not want to be around gang members. He never stated he received any verbal or written threats from anyone.

9. I recommended that Plaintiff's request for protective custody be denied in July 2015 because of the lack of a verifiable credible threat to his safety.

10. Additionally, Mr. Gharrett was on staff assaulter/weapons violator status. Therefore, in general population at that time, he could only be housed in West House on the 7 or 8 Gallery.

11. As the Intelligence Unit was unable to substantiate Mr. Gharrett's protective custody placement, I recommended to the Warden that she deny Plaintiff's request for protective custody.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this \_\_\_11\_\_\_ day of March, 2020.

_____
Andrew Dillingham